[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This lawsuit arises out of an incident whereby the plaintiffs' decedent, Lois Deloy, choked on a turkey sandwich while being transferred from Hartford Hospital to the Woodland Health Center in Waterbury, Connecticut on March 16, 1999.
In Counts One and Two of their revised complaint the plaintiffs allege that employees, agents or servants of the defendant, Aetna Ambulance Service, Inc., were negligent in rendering of medical care to the plaintiff. Count One is a negligence claim on behalf of the estate against the ambulance service. Count Two is a claim on behalf of the decedent's husband, David Deloy, for the deprivation of comfort, care in the society of his wife. In short, Count Two is a derivative claim for loss of consortium. There appears to be no dispute that the derivative count two should be decided in the same manner the court decides count one.
FACTS
On March 16, 1999, Thomas Whalen and Alexander Busch, both emergency medical technicians employed by Aetna were dispatched to Hartford Hospital in order to provide transport services for the decedent from Hartford Hospital to Woodland Health Center in Waterbury. During the transport the decedent began to choke on the turkey sandwich which was provided to her by Hartford Hospital. It is undisputed that both Whelan and Busch are certified emergency technicians and have completed first aid training.
In the plaintiffs' Fourth Amended Complaint dated July 31, 2000, the plaintiffs allege negligence as follows:
"7. Defendant through its employees, agents and/or CT Page 12482 servants negligently failed to timely recognize that the decedent was choking on the sandwich and was unable to breathe and, further, negligently, failed to timely render necessary and proper medical care to the decedent; further defendant, through its employees, agents and/or servants were negligent in providing the decedent and/or allowing her access to the aforesaid turkey sandwich during her transport from Hartford Hospital to Woodland Health Center; as a proximate cause of the aforesaid negligence of the defendant, through its employees, agents and/or servants, the decedent suffered [injury and death].
 8. The aforesaid injuries were also proximately caused by the negligence of the defendant, its employees, and/or servants, in their providing the aforesaid sandwich to the defendant to eat during the trip when they knew, that the decedent was at high risk of choking due to a medical condition, and further, when in the exercise of reasonable care they should have known that the decedent did not have teeth or salivary glands, one or both of which conditions placed the decedent at high risk, under the circumstances, for choking on solid food and aspiration."
The defendant Ambulance Service moves for summary judgment claiming that they were immune from liability for any negligence in rendering medical care to the plaintiff. Their claim is based upon the immunity provided in Connecticut General Statutes § 52-557 (b), Connecticut's Good Samaritan Statute.
Connecticut's Good Samaritan Law provides in relevant part as follows:
" (b) a paid or volunteer fireman or policeman, a teacher or other school personnel on the school grounds or in the school building or at a school function, a member of a ski patrol, a life guard, a conservation officer, patrolman or special policeman of the Department of Environmental Protection, or ambulance personnel who have completed a course in first aid offered by the American Red Cross, the American Heart Association, the National Ski Patrol, the Department of Public Health or any director of health, as certified by the agency or director of health offering the course, and who renders emergency aid to a person in need thereof, shall not be liable CT Page 12483 to such person assisted for civil damages for any personal injury which results from acts or omissions by such person in rendering the emergency first aid, which may constitute ordinary negligence."
The application of the statute to ambulance personnel in the course of their regular duties has not been the subject of appellate review in Connecticut. The availability of such immunity to ambulance personnel in the course of their duties has been considered in a comprehensive opinion by Judge Corradino in Hansen v. Mohegan Fire Company, Inc., 201 W.L. 1249945, 30 Conn.L.Rptr. 572 (Conn.Sup. October 1, 2001). In Hansen
the court granted summary judgment in favor of emergency medical response personnel relying on the Good Samaritan Statute.
This court need not decide whether it agrees with Judge Corradino's conclusions in Hansen because while it is acknowledged that a portion of the plaintiffs' complaint may be subject to the defense of immunity, it appears that other portions are clearly outside of the scope of the Good Samaritan Statute.
To the extent that the plaintiffs have alleged that the defendants ". . . negligently, failed to timely render necessary and proper medical care to the decedent. . ." the trial judge will have to decide whether Connecticut General Statute § 52-557 (b) and the rationale of Hansen
is a defense.
However, to the extent that the plaintiffs have claimed that the defendants ". . . were negligent in providing the decedent and/or allowing her access to the aforesaid turkey sandwich during the transport from Hartford Hospital to Woodland Health Center . . ." the court does not believe that the claim is one for providing emergency services. If the jury agrees with the plaintiffs on this claim of negligence the court sees no immunity pursuant to Section 52-557 (b).
Likewise, to the extent that the plaintiff can prove negligence by ". . . providing the aforesaid sandwich to the decedent to eat during the trip when they knew that the decedent was at high risk for choking due to her mental condition, and further when in the exercise of reasonable care, they should have known that the decedent did not have teeth or salivary glands, one or both of which conditions placed the decedent at high risk, under the circumstances for choking on solid food and aspiration. . . ." the claimed negligence is not related to emergency medical care protected under the Good Samaritan Statute.
The plaintiffs may face a more difficult burden in proving unprotected CT Page 12484 specifications of negligence than the plaintiffs would incur in attempting to prove that negligence which may be subject to the immunity defense. Nevertheless, the court holds that at least some of the claimed negligence presents issues of fact and specifications of negligence not subject to the immunity provided by the Good Samaritan Statute. The motion for summary judgment is DENIED.
BY THE COURT
Booth, J. CT Page 12485